**UNITED STATES of America, Plaintiff,**

v.

**COUNTY OF MILWAUKEE, Michael Wolke, Sheriff, Defendants.**

No. 78–C–163.

United States District Court,
E. D. Wisconsin.

Oct. 19, 1978.

David L. Rose, Maimon Schwarzschild, Attys., Civil Rights Division, U. S. Depart-

ment of Justice, Washington, D. C., for plaintiff; Joan F. Kessler, U. S. Atty., Milwaukee, Wis., of counsel.

Robert P. Russell, Corp. Counsel by A. Frank Putz and Patrick J. Foster, Milwaukee, Wis., for defendants.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

This matter is before me on the motion of the plaintiff to strike the defendants' demand for a jury trial and on the defendants' motion to strike several of the plaintiff's allegations in its complaint.

This action was brought by the United States to enforce Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., the non-discrimination provisions of the State and Local Fiscal Assistance (Revenue Sharing) Act of 1972, 31 U.S.C. § 1242, and the Omnibus Crime Control and Safe Streets Act of 1968, 42 U.S.C. § 3766(c). The complaint alleges that the Milwaukee County sheriff's department has engaged in unlawful employment discrimination against women (a) by employing women in subordinate job categories to perform tasks substantially identical to those of male employees in better paid positions; and (b) by failing to hire and assign women on a non-discriminatory basis.

## I. MOTION TO STRIKE THE DEFENDANTS' JURY DEMAND

■ In order to determine whether the defendants have a right to a jury trial in this case, the relevant inquiry is whether the statutes under which the plaintiff is proceeding create "legal rights, remedies, enforceable in an action for damages in the ordinary courts of law." *Curtis v. Loether*, 415 U.S. 189, 194, 94 S.Ct. 1005, 1008, 39 L.Ed.2d 260 (1974).

All three of the statutes under which the plaintiffs are proceeding provide that a United States district court may grant various types of *equitable* relief. *See* 42 U.S.C. § 2000e–5(g); 42 U.S.C. § 3766(c)(3); 31 U.S.C. § 1242(g). None of these statutes explicitly provide either for relief in the

form of damages or for jury trials in actions brought pursuant to them. Moreover, courts of appeal for at least four circuits have held that Title VII does not give rise to the right to a trial by jury. *Slack v. Havens*, 522 F.2d 1091 (9th Cir. 1975); *Equal Employment Opportunity Commission v. Detroit Edison*, 515 F.2d 301 (6th Cir. 1975), vacated on other grounds, 431 U.S. 951, 97 S.Ct. 2668, 53 L.Ed.2d 267 (1977); *Robinson v. Lorillard Corp.*, 444 F.2d 791 (4th Cir.), cert. dismissed, 404 U.S. 1006, 92 S.Ct. 573, 30 L.Ed.2d 655 (1971); *Johnson v. Georgia Highway Express, Inc.*, 417 F.2d 1122 (5th Cir. 1969).

The complaint in this action seeks relief in the form of an order enjoining further discrimination and requiring affirmative remedial steps, including back pay for female employees of the defendants who allegedly suffered from discriminatory practices. All of the relief requested, including the claim for back pay, may be characterized as equitable relief. In *Johnson v. Georgia Highway Express*, supra at 1125, the court of appeals for the fifth circuit noted:

"It is clear that the element of back pay is remunerative in nature and is expressly provided for by the Act itself. 42 U.S.C. § 2000e–5(g). Under that section, if the court finds illegal employment practices, one available remedy is reinstatement with or without back pay. The demand for back pay is not in the nature of a claim for damages, but rather is an integral part of the statutory equitable remedy, to be determined through the exercise of the court's discretion, and not by a jury."

■ Thus, I do not believe that the defendants have the right to a jury trial in this case, and the plaintiff's motion to strike the defendants' demand for a jury trial will be granted.

## II. MOTION TO STRIKE ALLEGATIONS IN THE COMPLAINT

■ The defendants have moved that three paragraphs and a portion of a fourth paragraph be struck from the complaint.

Those portions of the complaint which the defendants wish to have stricken allege discrimination by the defendants in recruitment and in the establishment and administration of entrance standards. The basis for the defendants' motion is that such claims were not filed with the Equal Employment Opportunity Commission. Exhaustion of such administrative remedies is required before a claim may be enforced in federal court. 42 U.S.C. § 2000e–5(a), (b), and (e).

If this action had been brought solely under the provisions of Title VII, the defendants' argument would be compelling. However, as the plaintiff has noted in its brief, the action was brought pursuant to two statutes in addition to Title VII. Section 518(c) of the Omnibus Crime Control and Safe Streets Act forbids sex discrimination in employment by governmental units receiving federal funds pursuant to the act. Section 518(c)(3) provides:

"Whenever the Attorney General has reason to believe that a State government or unit of local government has engaged or is engaging in a pattern or practice in violation of the provisions of this section, the Attorney General may bring a civil action in an appropriate United States district court. Such court may grant as relief any temporary restraining order, preliminary or permanent injunction, or other order as necessary or appropriate to insure the full enjoyment of the rights described in this section, including the suspension, termination, or repayment of funds made available under subchapter I of this chapter, or repayment of such funds made available under this title as the court may deem appropriate, or placing any further such funds in escrow pending the outcome of the litigation." 42 U.S.C. 3766(c)(3)."

Similarly, § 122(a) of the Revenue Sharing Act forbids sex discrimination in employment by governmental units receiving funds under that act. Section 122(g) provides:

"AUTHORITY OF ATTORNEY GENERAL—Whenever the Attorney General has reason to believe that a State government or a unit of local government has engaged or is engaging in a pattern or practice in violation of the provisions of this section, the Attorney General may bring a civil action in an appropriate United States district court. Such court may grant as relief any temporary restraining order, preliminary or permanent injunction, or other order, as necessary or appropriate to insure the full enjoyment of the rights described in this section, including the suspension, termination, . . . or placing any further payments under subtitle A in escrow pending the outcome of the litigation." 31 U.S.C. 1242(g).

It is apparent on the face of these statutes that the United States attorney general is authorized to bring claims which the defendants have moved to strike. Furthermore, there is no indication in either the Omnibus Crime Control and Safe Streets Act or the Revenue Sharing Act that any of the administrative procedures discussed in either act must be exhausted before a civil action may be brought by the attorney general. Rather actions by the attorney general apparently are intended to supplement the administrative means of enforcement created under the two acts. Therefore, I believe that the claims in the complaint are properly before this court, and the defendants' motion to strike will be denied.

Therefore, IT IS ORDERED that the plaintiff's motion to strike the defendants' demand for a jury be and hereby is granted.

IT IS ALSO ORDERED that the defendants' motion to strike certain allegations in the complaint be and hereby is denied.